**In re: Carmine ARTIGLIO, Debtor.**

**E. Les Sorenson, Executive Director, California State Board of Equalization, Appellant,**

v.

**Carmine Artiglio, Appellee.**

**No. 00–56144.**

**B.A.P. No. CC–99–01797–KMaJ.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2001.

Decided July 11, 2001.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

E. Les Sorenson, Executive Director of the California State Board of Equalization ("SBE"), appeals a judgment of the Bank-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3

ruptcy Appellate Panel reversing the bankruptcy court's order dismissing Carmine Artiglio's adversary proceeding on sovereign immunity grounds. Artiglio brought an action against Sorenson under *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), seeking a declaratory judgment from the bankruptcy court that certain state sales taxes he owed to the SBE were discharged in his Chapter 7 proceeding and seeking injunctive relief barring Sorenson from taking further action to collect such taxes. The facts and prior proceedings are known to the parties; they are not restated here except as necessary.

Sorenson contends that Artiglio's action falls within one of the exceptions to the *Ex Parte Young* doctrine the Supreme Court articulated in *Idaho v. Coeur d'Alene Tribe,* 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997), and *Seminole Tribe v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Sorenson further contends that the State is the real party in interest in Artiglio's adversary proceeding, and hence that this action is barred by state sovereign immunity. Finally, Sorenson contends that the Tax Injunction Act, 28 U.S.C. § 1341, precludes the bankruptcy court from issuing the injunctive and declaratory relief Artiglio seeks here.

Sorenson's arguments are identical to the arguments we rejected in our recent decision in *Goldberg v. Ellett,* 254 F.3d 1135 (9th Cir.2001). *Goldberg* thus directly controls this appeal. Accordingly, the Bankruptcy Appellate Panel is

AFFIRMED.